UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY MOSLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>S. STEWART,<br><br>        Defendant. | **CASE No. 1:17-cv-00852-MJS (PC)**<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE A FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIM AGAINST DEFENDANT STEWART**<br><br>**(ECF No. 1)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

Plaintiff's complaint is before the Court for screening.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III. Plaintiff's Allegations**

Plaintiff is incarcerated at Kern Valley State Prison, where the acts giving rise to his complaint occurred. His complaint names only Correctional Officer S. Stewart as a defendant. He brings a claim of excessive force in violation of the Eighth Amendment.

His allegations may be summarized essentially as follows.

On September 2, 2016, Plaintiff was involved in an altercation with two other inmates in the Facility A medical holding cells. Defendant Stewart and T. Rocha came to the doorway of the holding cells and yelled for the inmates to get down. Before Plaintiff could comply, Stewart pepper sprayed Plaintiff and twice hit him in the back of his head with the pepper spray canister. Plaintiff lost consciousness. When he regained focus, he was being dragged into the hallway. There, Plaintiff was on his stomach and Stewart sat on Plaintiff's back. Correctional Officer Castillo used his baton to hit Plaintiff in his legs and buttocks. Plaintiff was moving due to pain. Officers yelled for him to "stop resisting," and kept hitting him. Sergeant Ventura arrived and joined in hitting Plaintiff with a baton.

Eventually, the officers stopped hitting Plaintiff, took him to medical for evaluation, and then took him to Administrative Segregation on fictitious charges of battery on a peace officer.

Plaintiff seeks monetary damages and to have the involved officers terminated.

**IV. Analysis**

    **A. Unnamed Defendants**

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief. . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). As stated, only Officer Stewart is named as a Defendant. Accordingly, only allegations against Officer Stewart are addressed.

Plaintiff will be given leave to amend to clarify whether he intends to pursue claims against the other officers involved in the incident. If Plaintiff chooses to amend, he

3

1 must name each individual he intends to sue in the caption of his complaint and in the
2 section of the amended complaint form prompting him to list each defendant.

**B.  Excessive Force**

The Cruel and Unusual Punishment Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To state an excessive force claim, a plaintiff must allege facts to show that the use of force involved an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Whether the force applied inflicted unnecessary and wanton pain turns on whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotation marks omitted); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

Plaintiff alleges that Defendant Steward hit him with a pepper spray canister, rendering him unconscious. While some use of force may be reasonable and expected in the context of an altercation between inmates, the facts alleged are sufficient, at the pleading stage, to suggest that the force used by Stewart may have been excessive.

### C. Failure to Protect

**It appears** Plaintiff may intend to allege that other officers failed to protect him from the attack by Defendant Stewart.

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Plaintiff will be given leave to amend to clarify whether he intends to pursue such a claim, against whom, and based on what facts.

### D. False Charges

Plaintiff appears to contend that he received a false rules violation report in relation to the incident. He does not identify the person responsible for the report or state whether or how the report eventually was adjudicated.

The creation of false evidence, standing alone, is not actionable under § 1983 because falsely accusing an inmate of misconduct does not violate a right secured by the Constitution or laws of the United States. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges."); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere

falsification of a report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)). Instead, "Plaintiff's protection from the arbitrary action of prison officials lies in the procedural due process requirements as set forth in Wolff v. McDonnell." E.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Toscano v. Lewis, No. C-12-5893 EMC PR, 2013 WL 1632691, at *6 (N.D. Cal. Apr. 16, 2013) (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989); Freeman, 808 F.2d at 951; and Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir.1984)).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

### E. Relief Sought

Plaintiff's request to have the involved officers' employment terminated is outside the scope of this action. See 18 U.S.C. § 3626(a)(2). Accordingly, this action properly proceeds as one for damages only.

## V. Conclusion and Order

Plaintiff's complaint states a cognizable Eighth Amendment excessive force claim for damages against Defendant Stewart. His complaint states no other cognizable claims.

The Court will grant Plaintiff the opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If Plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim. To the extent other claims may be inferred from the complaint, they will be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendant Stewart.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual

allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claim found to be cognizable in this order; and
3. If Plaintiff fails to comply with this order, the undersigned will dismiss this action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: September 19, 2017    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

8