UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY MOSLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. STEWART,<br><br>　　　　Defendant. | CASE NO. 1:17-cv-00852-MJS (PC)<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN MATTER TO A DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**ALLOW PLAINTIFF TO PROCEED ON COGNIZABLE EXCESSIVE FORCE CLAIMS AGAINST INDIVIDUAL DEFENDANTS**<br><br>**AND**<br><br>**DISMISS OFFICIAL CAPACITY CLAIMS WITH PREJUDICE**<br><br>(ECF NO. 9)<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction (ECF No. 7). No other parties have appeared in the action.

On September 19, 2017, this Court screened Plaintiff's complaint and found it stated a cognizable Eighth Amendment excessive force claim against Defendant Stewart, but no other cognizable claims. (ECF No. 8.) Plaintiff was given the option to either file an amended complaint or to proceed only on the claim found to be cognizable. (Id.) Plaintiff filed a first amended complaint (ECF No. 9), and it is before the Court for

screening.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

(9th Cir. 1987).

Under section 1983 the Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is incarcerated at Kern Valley State Prison, where the acts giving rise to his complaint occurred. Plaintiff names as Defendants (1) S. Steward, Correctional Officer (2) Castillo, Correctional Officer, and (3) Sergeant Ventura, Correctional Officer.

His allegations may be summarized essentially as follows.

On September 2, 2016, Plaintiff was involved in an altercation with two other inmates in the facility holding cell. Defendant Stewart and non-party T. Rocha came to the doorway of the holding cells and yelled for the inmates to get down. Before Plaintiff could comply, Stewart pepper sprayed Plaintiff and twice hit him in the back of the head with the pepper spray canister. Plaintiff lost consciousness. When he regained focus, he was being dragged into the hallway. There, Plaintiff was on his stomach and Stewart sat on Plaintiff's back. Defendant Castillo used his baton to hit Plaintiff on his legs and buttocks. Plaintiff was moving due to pain. Officers yelled for him to "stop resisting," and kept hitting him. Defendant Ventura arrived and joined in hitting Plaintiff with a baton.

Eventually, the officers stopped hitting Plaintiff, took him to medical for evaluation, and then took him to Administrative Segregation.

Plaintiff seeks monetary damages.

3

**IV.     Analysis**

    **A.     Official Capacity**

As an initial matter, Plaintiff appears to seek claims against Defendants in their official capacities.

Plaintiff's official capacity claims for damages against Defendants are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (Eleventh Amendment immunity from damages in federal court action against state remains in effect when state officials are sued for damages in their official capacity). Plaintiff's damages request against Defendants in their official capacity should be dismissed. This cannot be cured through amendment.

Although, Plaintiff does not explicitly so state, the "basis of the claims asserted and nature of relief sought" imply that Plaintiff is suing Defendants in their individual capacities. Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1990). Thus, Plaintiff's complaint will be construed as bringing claims against Defendants in their individual capacities and should proceed against them solely in this capacity.

    **B.     Excessive Force**

The Cruel and Unusual Punishment Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To state an excessive force claim, a plaintiff must allege facts to show that the use of force involved an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Whether the force applied inflicted unnecessary and wanton pain turns on whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts

made to temper the severity of the response. See Whitley, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotation marks omitted); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

The Court previously found cognizable an excessive force claim against Defendant Stewart. The relevant allegations remain essentially unchanged: Defendant Steward hit Plaintiff with a pepper spray canister, rendered him unconscious, and then sat on Plaintiff's back while other officers hit Plaintiff. Even in the context of an altercation between inmates, the facts alleged are sufficient, at the pleading stage, to support finding a claim against Defendant Stewart.

Plaintiff also alleges facts sufficient to find a cognizable claim against Defendants Castillo and Ventura. Plaintiff alleges that Defendant Castillo hit Plaintiff in the legs and buttocks while Defendant Stewart sat on Plaintiff's back. Plaintiff alleges that because he moved his arms and legs in response to the pain from the blows, he was falsely accused of resisting and Defendant Ventura joined in and began to hit Plaintiff with his baton. These facts are sufficient at the pleading stage to suggest that the force used by these Defendants was excessive.

**V.    Conclusion and Recommendations**

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 10.). However, no defendants have appeared or consented. Accordingly, the Clerk's Office is HEREBY DIRECTED to randomly assign this matter to a district judge pursuant to Local Rule 120(e).

The FAC states a cognizable claim for damages against Defendants Stewart, Castillo, and Ventura in their individual capacities for excessive force in violation of

Eighth Amendment. However, Plaintiff cannot recover damages from these defendants in their official capacities, and his official capacity claims should therefore be dismissed.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff proceed against Defendants Stewart, Castillo, and Ventura in their individual capacities on an Eighth Amendment excessive force claim for damages; and

2. Plaintiff's official capacity claims be dismissed with prejudice for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: November 21, 2017         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE