# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY MOSLEY,<br><br>           Plaintiff,<br><br>   v.<br><br>S. STEWART,<br><br>           Defendant. | CASE NO. 1:17-cv-00852-DAD JLT (PC)<br><br>ORDER GRANTING THE DEFENDANTS' MOTION TO STAY<br><br>(ECF No. 19) |

Plaintiff proceeds in this action on an Eighth Amendment excessive force claim against Correctional Officers Stewart, Castillo, and Ventura, whom plaintiff accuses of attacking him without provocation on September 2, 2015, at Kern Valley State Prison. Following that same incident, plaintiff was charged in Kern County Superior Court, People v. Mosley, Case No. DF012442A, with violating California Penal Code § 4501.5, criminal battery on a non-confined person, for attacking defendant Stewart. A trial is presently scheduled in that case for September 17, 2018.[1] Defendants now move to stay this federal suit pending resolution of the state criminal action pursuant to Younger v. Harris, 401 U.S. 37 (1971). Plaintiff has not filed an opposition or a statement of non-opposition.

////

---

[1] See Superior Court of California, County of Kern, Criminal Case Search, https://www.kern.courts.ca.gov/online_services/criminal_case_search.

1

Generally, there is a strong policy against federal intervention in pending state judicial processes in the absence of extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-45 (1971); see also Gilbertson v. Albright, 381 F.3d 965, 973 (9th Cir. 2004) (en banc). "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). Specifically, Younger directs federal courts to abstain from granting relief that would interfere with pending state or local criminal proceedings. Gilbertson, 381 F.3d at 968.

Younger and its progeny, however, should not be regarded as blind deference to states' rights or an abrogation of the federal courts' "virtually unflagging obligation" to adjudicate claims within its jurisdiction. Colorado River Water Conservation Deist. v. United States, 424 U.S. 800, 817 (1976); see also Younger, 401 U.S. at 44. Instead, the federal courts are required to engage in a delicate balancing process to determine when Younger abstention is appropriate.

The following three requirements must be satisfied before a federal court may properly invoke the Younger abstention doctrine: "(1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings; and (3) an adequate opportunity to raise federal questions in the proceedings." World Famous Drinking Emporium Inc., v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987); Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004) (en banc) (Younger principle applies to damages actions).

Where applicable, Younger abstention is mandatory. Absent exceptional circumstances, the district courts do not have discretion to avoid the doctrine if the elements of Younger abstention exist in a particular case. City of San Jose, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Id. (quoting Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 435 (1982)).

Defendants argue that all three requirements are met here: (1) People v. Mosley was initiated before this action was filed and it remains pending in the Kern County Superior Court, (2) the Kern County District Attorney's Office has charged plaintiff with criminal battery on

defendant Stewart, conduct that it obviously deems "socially harmful" and "punishable," Younger, 401 U.S. at 51-52, and (3) plaintiff has an opportunity to litigate his Eighth Amendment excessive force claim as a defense to defendant Stewart's use of force.

The court agrees as to the first two Younger requirements, namely, that there is an ongoing state judicial proceeding that implicates an important state interest. As for the third requirement, plaintiff bears the burden to establish "that state procedural law bar[s] presentation of [his] claims[ ]" in the state court proceedings. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14-15 (1987) (quoting Moore v. Sims, 442 U.S. 415, 432 (1979)). Plaintiff, however, has not responded to the defendants' argument that plaintiff has an opportunity to argue at his state criminal trial that defendant Stewart used excessive force during the incident at issue. See Juidice v. Vail, 430 U.S. 327, 338 (1977) (stating that Younger requires that parties to state-court actions "be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate").

Accordingly, all the elements for the court to invoke the Younger abstention doctrine are present, there appear to be no exceptional circumstances that would render it inapplicable. In finding that Younger principles apply to actions seeking damages as well as actions seeking equitable relief, the Ninth Circuit found that "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." Gilbertson, 381 F.3d at 968; accord Los Altos El Granada Investors v. City of Capitola, 583 F.3d 674, 689-90 (9th Cir. 2009) ("[B]ecause in damages cases there may yet be something for the federal courts to decide after completion of the state proceedings ... [t]he district court—quite appropriately—did not dismiss under Younger but stayed the proceedings pending the final decision of the California courts."). That damages actions should be stayed rather than dismissed is consistent with the Supreme Court's ruling in Wallace v. Kato, 549 U.S. 384 (2007), that where a plaintiff files a civil claim "related to rulings that will likely be made in a pending or anticipated criminal trial[ ], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case ... is ended." Id. at 393-94.

As the Supreme Court explained, "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck [v. Humphrey, 512 U.S. 477 (1994),] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." Wallace, 549 U.S. at 394.

Based on the foregoing, the Court **ORDERS**:

1. The defendants' motion to stay (ECF No. 19) is **GRANTED**;

2. The action **STAYED**. Within 15 days of the conclusion of the trial of People v. Mosley, Kern County Superior Court Case No. DF012442A, the defendants **SHALL** file a status report detailing the outcome of the case pending resolution, whether they believe the stay should be lifted and the impact, if any, the outcome of the criminal trial has on this proceeding.

IT IS SO ORDERED.

Dated: **August 15, 2018**      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE