UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY MOSLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. STEWART, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00852-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(Doc. 47)<br><br>**14-DAY DEADLINE** |

　　Quincy Mosley asserts an Eighth Amendment excessive force claims against Defendants Stewart, Ventura, and Castillo in their individual capacities. (Doc. 11.)

　　On April 14, 2021, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. (Doc. 47.) Despite Defendant's *Rand* warning, (*see* Doc. 47-1), Plaintiff failed to file a response in opposition to the motion. On May 18, 2021, the Court ordered Plaintiff to file a response or a notice of non-opposition within twenty-one days. (Doc. 48.) The Court cautioned: "**Failure to comply with this Order will result in a recommendation for entry of summary judgment in Defendants' favor.**" (*Id.* (alteration in original).) More than twenty-one days have passed, and Plaintiff did not respond to the order. Therefore, Defendants' motion for summary judgment is unopposed and must be **GRANTED**.

///

## I. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party may accomplish this by presenting evidence that negates an essential element of the non-moving party's case. *Id.* Alternatively, the movant can demonstrate that the non-moving party cannot produce evidence to support an essential element of his claim that must be proven at trial. *Id.*; Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

If the moving party meets this initial showing, the burden shifts to the non-moving party to establish "specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party cannot simply rely on the pleadings and conclusory allegations in an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when deciding a motion for summary judgment, the court must view any inferences drawn from the underlying facts in a light most favorable to the non-moving party. *Id.*

The Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto*, 882 F.3d at 872 (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). While prisoners are relieved from strict compliance, they still must "identify or submit some competent evidence" to support their claims. *Soto*, 882 F.3d at 872. Plaintiff's verified complaint may serve as an affidavit in opposition to summary judgment if based on personal knowledge and specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14

2

(9th Cir. 2000) (en banc).

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory, and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The PLRA requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system. . , but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* The exhaustion requirement allows prison officials to have an opportunity to resolve disputes before the filing of a court action against them. *Jones*, 549 U.S. at 204.

The failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Id.* at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant bears the initial burden of proving (1) the existence of an available

3

administrative remedy, and (2) the plaintiff failed to exhaust that remedy. *Id.* at 1172. If the defendant makes this showing, the burden shifts to the prisoner to present evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (citation omitted). A prisoner may not file a complaint raising non-exhausted claims. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

The ultimate burden of proof, however, remains with the defendant. *Albino*, 747 F.3d at 1172. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." *Id.* at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id.* at 1131.

**C. CDCR Grievance Process**

Plaintiff does not dispute that Defendants have met their initial burden of showing that an available administrative remedy exists. The CDCR has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff having an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a) (2017).[1] Compliance with 42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing a lawsuit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 8586.

From 2015 to 2017, the years relevant to Plaintiff's claims, California regulations required that inmates pursue administrative grievances through three levels of review to exhaust their administrative remedies. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2017), 3084.7(d)(3) (2017) (repealed June 1, 2020). The prisoner must submit a CDCR form 602 describing the specific issue, the relief requested, and supporting documents. Cal. Code Regs. tit. 15, §§ 3084.2(a), 3084.3. The grievance is screened for routine processing. *Id.* §§ 3084.4(b)(1). Grievances

---

[1] Effective June 1, 2020, the new rules are set out in Cal. Code Regs. tit. 15, §§ 3480–3486. For purposes of these Findings and Recommendations, all citations refer to the version of the regulations effective at times relevant to Plaintiff's claims.

alleging staff misconduct constitute an exception to the regular process. *Id.* § 3084.9(i). If accepted as a staff complaint, the first level of review is bypassed. *Id.* § 3084.7(a)(3). If the prisoner is dissatisfied with the departmental response, then he may seek a second level of administrative review. *Id.* § 3084.7(b). If the matter is not resolved at the second level, then he may seek a third level of review. *Id.* § 3084.7(c). "The third level of review exhausts administrative remedies." *Id.* § 3084.7(d)(3).

## II.     UNDISPUTED FACTS REGARDING EXHAUSTION

At all relevant times, Plaintiff was housed at Kern Valley State Prison. (Defs.' Statement of Undisputed Facts, Doc. 47-3 at 1.)[2] On September 2, 2015, Plaintiff was in a fight with two other inmates in a holding cell when Corrections Officers Ventura, Castillo, and Stewart intervened. (*Id.* at 2.) Plaintiff alleges that Defendant Stewart told Plaintiff to get down, but before he could comply, Stewart sprayed him with pepper spray and hit him in the back of the head, causing Plaintiff to lose consciousness. When Plaintiff regained consciousness, Stewart was sitting on his back and Defendants Castillo and Ventura used batons to strike Plaintiff's legs and buttocks while yelling at Plaintiff to "stop resisting." (*Id.*)

Plaintiff submitted a form 602 grievance, which was logged as KVSP-16-01756. (*Id.*) On June 23, 2016, KVSP issued a decision, finding that staff did not violate CDCR policy and advising, "Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted." (Docs. 47-3 at 3; 47-4 at 14.) On July 25, 2016, Plaintiff appealed his grievance to the Office of Appeals, which screened out his grievance the next day because Plaintiff's appeal was missing supporting document form 1658, Rights and Responsibilities Statement, and the submission date on the complaint was incorrect. (Docs. 47-3 at 3; 47-4 at 20.) On November 9, 2016, the OOA again screened out Plaintiff's 602 appeal because it was incomplete, the submission date was still incorrect, and Plaintiff failed to complete the section requiring a signature and date. (Docs. 47-3 at 3, 47-4 at 21.)

On January 25, 2017, the OOA issued a letter cancelling Plaintiff's grievance KVSP-16-

---

[2] Defendants' statement of undisputed facts is supported by the declaration of Howard E. Moseley, Associate Director of the OOA. (Doc. 47-4.)

5

01756 without rendering a decision at the third level of review. (*Id.*) Instead of challenging the cancellation of the grievance, (*see id.* at 4), on June 26, 2017, Plaintiff filed a civil rights complaint to commence this § 1983 action. (*See* Doc. 1.)

### III. DISCUSSION

Defendants have satisfied their burden to show no genuine issues of material fact and that they are entitled to judgment as a matter of law. The undisputed facts and supporting documents evidence that Plaintiff failed to exhaust administrative remedies available to him before filing his lawsuit. Although Plaintiff availed himself of the grievance and appeals process, he failed to complete the process despite opportunities to correct the omissions in his appeals.

Defendants have pleaded and proven that administrative remedies were available, but Plaintiff failed to exhaust the administrative review process. The plaintiff has not opposed the motion. Accordingly, summary judgment in Defendants' favor is appropriate.

### IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motion for summary judgment (Doc. 47) be **GRANTED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 13, 2021**            _ /s/ Jennifer L. Thurston
                                       CHIEF UNITED STATES MAGISTRATE JUDGE

6